# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 02-CR-2030-LRR |
| vs. | **ORDER** |
| WILLIE JAMES OUTLAW, JR., | |
| Defendant. | |

The matter before the court is Defendant Willie James Outlaw, Jr.'s pro se Motion for Modification of Sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure and/or U.S.S.G. § 1B1.8, App. Note 6 ("Motion") (docket no. 350).[1] Defendant filed his Motion on October 16, 2006. For the following reasons, Defendant's Motion shall be denied.

In his Motion, Defendant contends that he is entitled to a sentence reduction based on his agreement with the government to testify against his co-defendants. Defendant argues that he was "instrumental in the U.S. Attorney's Office obtaining pleas of guilty from certain defendants" and, therefore, he should receive a reduced sentence.

Except in limited circumstances, a court may not modify a term of imprisonment once it has been imposed. 18 U.S.C. § 3582(c). The only subsection of 18 U.S.C. §

---

[1] Given the fact that U.S.S.G. § 5K1.1 is the guideline utilized by the government when a defendant provides substantial assistance to authorities, the court is unsure why Defendant deems it appropriate to rely on U.S.S.G. § 1B1.8, App. Note 6. The court notes that Defendant received a reduction pursuant to U.S.S.G. § 5K1.1 at the time of his sentencing.

3582(c) that appears to be available to Defendant is (1)(B).  That subsection provides the following:

> [T]he court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure[.]

18 U.S.C. § 3582(c)(1)(B).  Rule 35 of the Federal Rules of Criminal Procedure, in relevant part, provides:

> (b) Reducing a Sentence for Substantial Assistance.
>
> > (1) In General.  *Upon the government's motion* made within one year of sentencing, the court may reduce a sentence if:
> >
> > > (A) the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person; and
> > >
> > > (B) reducing the sentence accords with the Sentencing Commission's guidelines and policy statements.
> >
> > (2) Later Motion.  *Upon the government's motion* made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:
> >
> > > (A) information not known to the defendant until one year or more after sentencing;
> > >
> > > (B) information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or
> > >
> > > (C) information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to

> the government after its usefulness was reasonably apparent to the defendant.

See Fed. R. Crim. P. 35(b)(1), (2) (emphasis added). Rule 35(b) of the Federal Rules of Criminal Procedure does not provide Defendant with authority to reduce his sentence based on substantial assistance. *Id*. Only the government is able to rely on Rule 35(b) of the Federal Rules of Civil Procedure; the government must move the court to reduce Defendant's sentence for providing substantial assistance. *Id*. Because the government did not move the court to reduce his sentence, Defendant's Motion shall be denied.

**IT IS THEREFORE ORDERED**:

Defendant Willie James Outlaw's Motion for Modification of Sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure and/or U.S.S.G. § 1B1.8, App. Note 6 (Docket No. 350) is **DENIED**.

**DATED** this 27th day of October, 2006.

_____
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

**Copies mailed on:** mem 10.27.06

**to counsel of record or pro se parties as shown on docket and other parties listed here:**