# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 02-CR-2030-CJW |
| vs. | **ORDER** |
| WILLIE JAMES OUTLAW, JR., | |
| Defendant. | |

This matter is before the Court on defendant's filing (Doc. 541), which the Court considers a pro se motion for a sentence reduction under Section 404 of the First Step Act (FSA). Defendant also filed a supplement to his motion. (Doc. 584). The Court finds that neither the FSA nor the Federal Rules of Criminal Procedure require a hearing or the presence of the defendant for consideration of his motion under the FSA. *United States v. Williams*, 943 F.3d 841, 844 (8th Cir. 2019). For the reasons stated, the Court grants defendant's motion.

## I. BACKGROUND

On August 8, 2003, the Court sentenced defendant to 183 months' imprisonment followed by ten years on supervised release for one count of conspiracy to distribute cocaine base within 1,000 feet of a protected locations in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846, 851, and 860. (Doc. 193). On September 26, 2008, the Court reduced defendant's term of imprisonment to 147 months under the retroactive United States Sentencing Guidelines Amendment 706. (Doc. 388). On March 12, 2013, defendant began serving his term of supervised release. On October 16, 2015, the Court modified defendant's conditions of supervised release after defendant failed a drug test. (Doc. 480). The Court modified his conditions to included twenty hours of

1

community service and remote alcohol testing.  *Id*.

## II.    FIRST STEP ACT

The FSA became law on December 21, 2018, and, relevant to this case, made the "Fair Sentencing Act of 2010" retroactive.  Section 404 of the FSA provides that a court may, "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed."  § 404(b); *see also* 18 U.S.C. § 3582(c)(1)(B).  The FSA defines a "covered offense" as any crime which had its penalties modified by § 2 or § 3 of the Fair Sentencing Act of 2010.  § 404(a). Section 2 of the Fair Sentencing Act modified the statutory penalties for certain violations of 21 U.S.C. § 841(b) related to cocaine, effectively reducing the penalty applicable to a qualifying defendant.  *See also United States v. McDonald*, 944 F.3d 769, 771 (8th Cir. 2019).

## III.    ANALYSIS

Defendant was released from prison and began serving his term of supervised release on March 12, 2013.  (Doc. 480 at 1).  Most courts that have considered the issue have found that a defendant who is otherwise eligible for relief under the FSA is still eligible whether they are serving a term of supervised release or a revocation sentence.  *See e.g., United States v. Venable*, 943 F.3d 187, 193 (4th Cir. 2019); *United States v. Woods*, 949 F.3d 934, 935 (6th Cir. 2020).

The FSA allows a court to reduce a defendant's sentence for a "covered offense" as if the Fair Sentencing Act had been in effect at the time of the original offense.  A covered offense is an offense whose penalties were altered by § 2 or § 3 of the Fair Sentencing Act of 2010.  Defendants who were sentenced prior to 2010 for violations of 21 U.S.C. §§ 841(b)(1)(A), such as this defendant, are generally eligible for relief under the FSA.  *McDonald*, 944 F.3d at 772; *see also United States v. Banks*, 2020 WL 2761055 (8th Cir. 2020).

2

At the time he was originally sentenced, defendant was subject to a statutory range of 20 years to life on Count 1, followed by a term of ten years to life on supervised release. His Guidelines range was 262 months to 327 months, with a ten-year term of supervised release to follow. (Doc. 154). If the Fair Sentencing Act of 2010 had been in effect when defendant was sentenced, his sentence would have been significantly different because the statutory penalties under the Fair Sentencing Act of 2010 would have been ten years to life on Count 1, with a term of eight years to life on supervised release.[1] Additionally, the Guidelines calculation would have been 168 months to 210 months' imprisonment, with eight years of supervised release to follow. Based on the forgoing, the Court finds that defendant is eligible for relief under Section 404 of the FSA.

After considering all the 18 U.S.C. § 3553(a) factors, the presentence investigation report (Doc. 154), defendant's prior modification, and the fact that he spent the subsequent lustrum of supervised release free of any modifications or revocations, the Court finds he is the type of defendant whose sentence (or, in this case, term of supervised release) should be modified under Section 404 of the FSA. Accordingly, defendant's term of supervised release is reduced to eight years, which is the current guideline recommendation.[2]

---

[1] The United States Probation Office for the Northern District of Iowa has written a memo calculating defendant's amended statutory and guideline range, considering the Fair Sentencing Act and the applicable changes to the guidelines, which the Court adopts. The memo prepared by the Probation Office will be filed contemporaneously with this order.

[2] The Court believes this reduction will <u>not</u> result in the immediate end of defendant's supervised release. Rather, he will have approximately seven and half months remaining.

## IV. CONCLUSION

For the reasons stated, the Court **grants** defendant's pro se motion for relief under the FSA. (Doc. 541). Defendant's term of supervised release is reduced to eight years. All other portions of the judgment (Doc. 193) remain in effect except as modified herein.

**IT IS SO ORDERED** this 27th day of July, 2020.

_____
C.J. Williams
United States District Judge
Northern District of Iowa